UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| VICTOR FIDEL HAWKINS, | Civil No. 06-2952 (PJS/JJG) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| LYNN DINGLE, Warden, | |
| Respondent. | |

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I. BACKGROUND**

In December 1999, Petitioner entered into a comprehensive plea agreement that caused him to be convicted of multiple criminal offenses in the Minnesota state district courts for both Anoka County and Washington County. Petitioner was sentenced to 230 months in prison for his conviction in Anoka County, and 17 months in prison for his conviction in Washington County. He also was required to serve a previously stayed sentence of 98 months for an earlier conviction in Hennepin County. All three of Petitioner's sentences are

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

concurrent, and he is presently serving his sentences at the Minnesota Correctional Facility at Stillwater, Minnesota.

Petitioner did not challenge any of his convictions or sentences by direct appeal. In February 2004, he filed a post-conviction motion in the trial court in Anoka County, claiming that he had been deprived of his Sixth Amendment right to counsel when he was convicted in 1999. Petitioner argued that the attorney who represented him in his Anoka County case was not formally appointed to also represent him in his Washington County case. Petitioner's post-conviction motion was denied, and he then appealed.

The Minnesota Court of Appeals found that Petitioner had been represented by counsel in the Washington County case, and that his post-conviction motion had been properly denied. Hawkins v. State of Minnesota, No. A05-582 (Minn.App. April 4, 2006), 2006 WL 851931 (unpublished opinion). The Minnesota Supreme Court denied Petitioner's application for further review on June 20, 2006.

On July 10, 2006, Petitioner filed his current federal habeas corpus petition. Petitioner is again claiming that he was denied his constitutional right to counsel in his 1999 Washington County case. Petitioner's claims cannot be addressed on the merits here, however, because this action is barred by the one-year statute of limitations that applies to federal habeas corpus petitions filed by state prisoners.

## II. DISCUSSION

28 U.S.C. § 2244(d) establishes a one-year statute of limitations for habeas corpus petitions filed by prisoners in state custody. The statute provides as follows:

"**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of

2

habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing in Petitioner's submissions which suggests that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable. In other words, there is no suggestion that the State created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitations period; nor is there any suggestion that Petitioner's claims are based on any new (and retroactively applicable) rule of constitutional law, or any new evidence that could not have been discovered earlier. Therefore, the one-year limitations period began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."

3

Petitioner is challenging convictions and sentences entered on December 13, 1999. (Petition, [Docket No. 1], p. (2), § 2.)  Because he did not pursue a direct appeal, the judgments effecting his convictions and sentence became final, for statute of limitation purposes, upon "the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  According to the Minnesota Rules of Criminal Procedure, "[a]n appeal by a defendant shall be taken within 90 days after final judgment or entry of the order appealed from in felony and gross misdemeanor cases...." Rule 28.02, subd. 4(3).  Thus, the deadline for seeking direct appellate review of Petitioner's convictions and sentences was March 13, 2000, (90 days after he was convicted and sentenced), and that is the date when the one-year statute of limitations began to run in this case.  The deadline for seeking federal habeas corpus relief expired one year later, on March 13, 2001.  Petitioner did not file his current petition, however, until July 10, 2006 -- more than five years after the limitations period had expired.  It is therefore readily apparent that the instant petition is time-barred, unless it is saved by the tolling provisions of § 2244(d)(2).

The habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a state prisoner files a state post-conviction motion, or otherwise seeks collateral relief, in a procedurally proper state court proceeding. The statute remains tolled during the entire period of time that such collateral proceedings continue to be pending in any state court, including the state appellate courts.  <u>Mills v. Norris</u>, 187 F.3d 881, 883-84 (8th Cir. 1999).

The tolling provisions of § 2244(d)(2) cannot aid the instant Petitioner, however, <u>because the statute of limitations had already expired long before he filed his state post-conviction motion</u>.  The statute of limitations expired on March 13, 2001, (as discussed

4

above), and Petitioner did not file his post-conviction motion until February 2004, (Hawkins v. State, 2006 WL 851931 at *2), which was nearly three years after the federal statute of limitations had already expired. See Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period"). In short, the tolling provision cannot save the present petition from being time-barred, because "[t]he one year AEDPA limit for federal habeas filing cannot be tolled after it has expired." Jackson v. Ault, No. 05-3642 (8th Cir. June 21, 2006), 2006 WL 1686671 at *1. See also Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (state post-conviction motion filed after the § 2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be tolled"), cert. denied, 531 U.S. 991 (2000); Bogan v. Moore, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999) ("[o]nce the one year statute of limitations has expired, it cannot thereafter be tolled by a motion for post-conviction relief").

Petitioner may believe that his post-conviction motion did not merely toll the running of the statute, but somehow 'reset the clock,' giving him a fresh new one-year limitations period that did not begin to run until all of his state post-conviction proceedings were complete. That, however, is simply not the case.  "Section 2244(d)(2) only stops, but does not reset, the [AEDPA] clock from ticking and cannot revive a time period that has already expired." Cordle v. Guarino, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted).  Again, once the statute

of limitations expired, it could not thereafter be restarted by the filing of a post-conviction motion.[2]

## III. CONCLUSION

For the reasons discussed above, the Court finds that this action is untimely. The criminal convictions and sentences that Petitioner is challenging became final, for purposes of the federal habeas statute of limitations, on March 13, 2000. The deadline for filing a federal habeas corpus petition expired one year later, on March 13, 2001; but Petitioner did not file his current petition until July 10, 2006 – more than five years after the statute of limitations deadline.

Petitioner's state post-conviction motion could have tolled the federal statute of limitations pursuant to 28 U.S.C. § 2244(d)(2), if it had been filed before the federal limitations period expired. In fact, however, Petitioner did not file his post-conviction motion until more

---

[2] As explained in Sorce v. Artuz, 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999):

> "The tolling provision of AEDPA does not allow the one year period to run anew each time a post-conviction motion is ruled upon. Instead, the toll excludes from the calculation of the one year period any time during which post-conviction relief is pending. [Citation omitted.] Thus, the provision stops, but does not reset, the clock from ticking on the time in which to file a habeas petition. It cannot revive a time period that has already expired."

See also Lucidore v. New York State Div. of Parole, No. 99 CIV 2936 AJP, (S.D.N.Y. 1999), 1999 WL 566362 at * 4 ("Section 2244(d) does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year [statute] of limitations by bringing a belated state collateral attack"), aff'd 209 F.3d 107 (2nd Cir.), cert. denied, 532 U.S. 873 (2000); Broom v. Garvin, 99 Civ. 1083 (JSM) (S.D.N.Y. Apr. 26, 1999), 1999 WL 246753 at *1 ("the filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period").

6

nearly three years <u>after</u> the federal statute of limitations had already expired, so there was not an effective § 2244(d)(2) tolling in this case.  Thus, the Court concludes that Petitioner's current § 2254 habeas corpus petition is clearly time-barred, and this action must be dismissed with prejudice.

Finally, the Court notes that Petitioner has applied for leave to proceed <u>in forma pauperis</u>, ("IFP"), pursuant to 28 U.S.C. § 1915(a).  (Docket No. 2.)  That request must be denied, because petitioner has failed to state an actionable claim for habeas corpus relief.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii); <u>see</u> <u>also</u>, <u>Kruger v. Erickson</u>, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (<u>per</u> <u>curiam</u>) (IFP application should be denied where habeas petition cannot be entertained).

## IV.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

   1.  Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED;

   2.  Petitioner's application to proceed <u>in forma pauperis</u>, (Docket No. 2), be DENIED;

and

   3.  This action be DISMISSED WITH PREJUDICE.

Dated: July 18, 2006                    s/Jeanne J. Graham
                                        _____
                                        JEANNE J. GRAHAM
                                        United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by <u>August 4, 2006</u>.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under

7

this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.