UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| VICTOR FIDEL HAWKINS, | Civil No. 06-2952 (PJS/JJG) |
| Petitioner, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE DATED JULY 18, 2006 |
| LYNN DINGLE, Warden, | |
| Respondent. | |

---

Victor Fidel Hawkins, Minnesota Correctional Facility, 970 Pickett Street North, Bayport, MN 55003, petitioner *pro se*.

Thomas R. Ragatz, Assistant Minnesota Attorney General, MINNESOTA ATTORNEY GENERAL'S OFFICE, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101, for respondent.

This matter is before the Court on petitioner Victor Fidel Hawkins's objection to the July 18, 2006 Report and Recommendation ("R&R") of Magistrate Judge Jeanne J. Graham. Judge Graham recommends the dismissal of Hawkin's application for a writ of habeas corpus. Hawkins's objection to Judge Graham's R&R was timely filed under the "mailbox rule." *See Grinder v. Gammon*, 73 F.3d 793, 794 (8th Cir. 1996) (finding pro se prisoner's objection to a magistrate judge's report timely filed when handed to prison officials before the expiration of the deadline). The Court has reviewed the record de novo, as required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).

Judge Graham found that Hawkins's habeas petition is barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1). R&R at 6. In general, a habeas petition must be

filed within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). Hawkins filed his petition several years after the time for seeking direct review of his conviction expired, and thus, Judge Graham concluded, his petition was barred by § 2244(d)(1)(A).

Hawkins argues, though, that his petition is nevertheless timely under § 2244(d)(1)(D). Hawkins understands § 2244(d)(1)(D) to permit the filing of a habeas petition more than one year after the time for seeking direct review expires if the petitioner has exercised "due diligence" in pursuing post-conviction relief. In his objection, Hawkins describes in detail the work that he has done over the past six years to try to get his conviction vacated.

Hawkins misreads § 2244(d)(1)(D). That provision permits a habeas petition to be filed one year after "the date on which *the factual predicate* of the claim or claims presented could have been discovered through the exercise of due diligence." (Emphasis added.) Hawkins seeks post-conviction relief on the ground that he was not represented by counsel in criminal proceedings in Washington County. The "factual predicate" for that claim was known to Hawkins at the time that those proceedings were pending — that is, over six years ago. Thus, his habeas petition is not timely under § 2244(d)(1)(D).

Hawkins's other arguments were adequately addressed in Judge Graham's R&R.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court overrules Hawkins's objections [Docket No. 6] and adopts Judge Graham's Report and Recommendation [Docket No. 3]. IT IS HEREBY ORDERED THAT:

1. Hawkins's application for a writ of habeas corpus under 28 U.S.C. § 2254 [Docket No. 1] is DENIED;

2. Hawkins's application to proceed *in forma pauperis* [Docket No. 2] is DENIED; and

3. This action is DISMISSED WITH PREJUDICE AND ON THE MERITS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  September  18,  2006             s/Patrick J. Schiltz
                                         Patrick J. Schiltz
                                         United States District Judge