UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

VICTOR FIDEL HAWKINS,

Civil File No. 06-2952 (PJS/JJG)

Petitioner,

ORDER GRANTING MOTION FOR
LEAVE TO APPEAL *IN FORMA
PAUPERIS* AND DENYING MOTION
FOR CERTIFICATE OF
APPEALABILITY

v.

LYNN DINGLE, Warden,

Respondent.

---

Victor Fidel Hawkins, Prairie Correctional Facility, Box 500, Appleton, MN, 56208, petitioner *pro se.*

Thomas R. Ragatz, Assistant Minnesota Attorney General, MINNESOTA ATTORNEY GENERAL'S OFFICE, 445 Minnesota Street, Suite 1800, St. Paul, MN, 55101, for respondent.

Petitioner Victor Fidel Hawkins commenced this action by filing a habeas corpus petition under 28 U.S.C. § 2254, challenging his 1999 Minnesota state court conviction for attempted murder and other offenses. Magistrate Judge Jeanne J. Graham's report and recommendation ("R&R") dated July 18, 2006, recommended that the petition be summarily dismissed because it was filed after the expiration of the one-year statute of limitations prescribed by 28 U.S.C. § 2244(d)(1). On September 18, 2006, the Court adopted Judge Graham's R&R and dismissed the action.

Hawkins filed a request for certificate of appealability ("COA") on October 13, 2006, which the Clerk of Court properly construed to also serve as a notice of appeal. Hawkins later filed an application to proceed *in forma pauperis* ("IFP") on appeal. This matter is before the

Court to determine (a) whether Hawkins should be granted IFP status on appeal and (b) whether

Hawkins should be granted a COA.

I.  IFP Application

A litigant who seeks to be excused from paying the $455 filing fee for an appeal in a

federal case may apply for IFP status under 28 U.S.C. § 1915.  *See also* Fed. R. App. P. 24(a).

To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the

full filing fee.  28 U.S.C. § 1915(a)(1).  Even if a litigant is found to be indigent, IFP status will

be denied if the Court finds that the litigant's appeal is not taken "in good faith."  28 U.S.C.

§ 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context is judged by an objective

standard and not by the subjective beliefs of the appellant.  *Coppedge v. United States*, 369 U.S.

438, 444-45 (1962).  To determine whether an appeal is taken in good faith, the Court must

decide whether the claims to be decided on appeal are factually or legally frivolous.  *Id*.  An

appeal is frivolous, and therefore is not taken in good faith, "where it lacks an arguable basis

either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In this case, Hawkins's IFP application indicates that he is not presently employed, and

he has no regular source of income.  The application further indicates that Hawkins has only

$156.47 in his prison trust account and no other assets that could be used to pay the filing fee for

his appeal.  Based on this information, the Court finds that Hawkins is unable to pay the $455

filing fee for his appeal, and he is financially eligible for IFP status on appeal.

The Court remains satisfied that Hawkins's habeas corpus petition was properly

dismissed.  However, the Court finds that Hawkin's appeal is not "frivolous," as that term has

been defined by the Supreme Court.  Thus, the Court finds that Hawkins's appeal is taken "in

-2-

good faith" for purposes 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), and that his application for IFP status on appeal should be granted.

## II. Certificate Of Appealability

A federal habeas corpus petitioner who challenges a state criminal conviction cannot bring an appeal without securing a COA.  28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see also Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue.  *Kramer v. Kemna*, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate").  Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings."  *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)).  When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal."  *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'") (citation omitted).

In *Slack v. McDaniel* the Supreme Court explained how the federal district courts should determine COA eligibility in habeas cases that have been dismissed on procedural grounds, rather than on the merits.

> Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding. Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal. Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments. The recognition that the "Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of," *Ashwander v. TVA*, 297 U.S. 288, 347 . . . (1936) (Brandeis, J., concurring), allows and encourages the court to first resolve procedural issues. The *Ashwander* rule should inform the court's discretion in this regard.

529 U.S. at 484-85.

Here, the Court finds that Hawkins's COA request can be fully resolved by applying only the second of the two threshold criteria identified by the Supreme Court in *Slack* — i.e., "whether jurists of reason could conclude that the District Court's dismissal on procedural grounds was debatable or incorrect." *Id*. at 485.

Judge Graham determined (and this Court later agreed) that this action should be summarily dismissed because Hawkins did not file his petition within the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). In his objections to Judge Graham's R&R, Hawkins acknowledged (at least implicitly) that his habeas petition was not filed within one year after his judgment of conviction became final, as required by § 2244(d)(1)(A). Hawkins contends, however, that the statute of limitations should be extended pursuant to § 2244(d)(1)(D) because he exercised "due diligence" in his efforts to challenge his convictions. He has further

contended that the statute of limitations should be extended by reason of the "fair tolling" provision of § 2244(d)(2).  *See* Pet'r's Obj. 8 [Docket No. 6].  Both of those arguments are unsustainable.

As the Court explained in the order adopting the R&R, § 2244(d)(1)(D) cannot aid Hawkins here because his habeas corpus claims are not based on any "factual predicate" that was undiscoverable until after his conviction became final.  *See* Order at 2 [Docket No. 10].  The Court has also determined that § 2244(d)(2) cannot aid Hawkins because, as Judge Graham's R&R explained, he did not file his state post-conviction motion (which purportedly tolled the statute of limitations) until after the statute of limitations had already expired.  *See* R&R at 4-7; *see also Jackson v. Ault*, 452 F.3d 734, 735 (8th Cir. 2006) ("[t]he one year AEDPA limit for federal habeas filing cannot be tolled after it has expired").[1]

---

[1]  Although Hawkins has not mentioned the judicially-created doctrine of "equitable tolling," the Court has nevertheless considered whether that doctrine could be applicable here. The Eighth Circuit Court of Appeals has made it very clear, however, that "'any invocation of equity to relieve the strict application of a statute of limitations must be *guarded and infrequent*, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'"  *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (emphasis added)).  Hawkins has argued that he was unable to effectively challenge his conviction in a timely manner because he did not receive adequate legal assistance.  But that is a common problem for prisoners — a problem that, in the Eighth Circuit's view, does not warrant the application of equitable tolling.  *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000), ("[e]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted"), *cert. denied*, 534 U.S. 863 (2001); *Sellers v. Burt*, 168 Fed. Appx. 132, 133 (8th Cir.) (unpublished opinion) (rejecting petitioner's argument that the statute of limitations should be tolled "because his state post-conviction attorney failed to communicate with him and did not send his case file"), *cert. denied*, 127 S.Ct. 96 (2006); *Preston v. State*, No. 99-3261 (8th Cir. 2000) (*per curiam*), 2000 WL 995013 (unpublished opinion) at *1 (affirming district court's determination that petitioner's "inability to timely obtain transcripts from a former attorney 'did not come near' to constituting the required showing of extraordinary circumstances" needed for equitable tolling).

The Court finds no reason to believe that any other court — including the Eighth Circuit — could conclude that the present action was timely filed.  Therefore, Hawkins will not be granted a COA in this matter.

ORDER

Based on the foregoing and on all of the files, records and proceedings herein, IT IS HEREBY ORDERED that:

1.    Hawkins's application for leave to proceed *in forma pauperis* on appeal [Docket No. 15] is GRANTED; and

2.    Hawkins's request for a certificate of appealability in this matter [Docket No. 13] is DENIED.

Dated: January  4,  2007

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge